UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLABON T. BERNIARD,

                Petitioner,

     v.

MIKE OBENLAND,

                Respondent.

CASE NO. 3:20-cv-05071-BHS-JRC

ORDER DENYING APPOINTMENT OF COUNSEL

The District Court has referred this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to United States Magistrate Judge, J. Richard Creatura, as authorized by 28 U.S.C. § 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR3 and MJR4.

Before the Court is petitioner's motion for the appointment of counsel. Dkt. 8. The Court has conducted a preliminary screening of petitioner's petition and has directed that the petition be served. *See* Dkt. 9.

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective

ORDER DENYING APPOINTMENT OF COUNSEL - 1

1   utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Petitioner has not requested that he be allowed to conduct discovery in this matter nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. *See* Rule Governing Section 2254 Cases in the United States District Courts 6(a). In addition, the Court has not determined that an evidentiary hearing will be required, nor does it appear that one is needed at this time. *See* Rule Governing Section 2254 Cases in the United States District Courts 8(c).

Moreover, petitioner's cited reasons for granting the appointment of counsel—that he was young at the time of his conviction, that he has an intellectual disability, and that he has difficulty formatting his petition without assistance—do not amount to the extraordinary circumstances justifying the appointment of counsel. Although petitioner states that the issues are complex such that they merit appointment of counsel, at this early stage, the Court finds that

1  the issues are not so complex that petitioner has been unable to adequately articulate them. Nor,

2  at this stage, is a likelihood of success on the merits apparent.

3      Accordingly, petitioner's motion for the appointment of counsel (Dkt. 8) is denied.

4      Dated this 20th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge