UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLABON T. BERNIARD,

                    Petitioner,

        v.

MIKE OBENLAND,

                    Respondent.

CASE NO. 3:20-cv-05071-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  September 18, 2020

The District Court has referred this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to United States Magistrate Judge, J. Richard Creatura, as authorized by 29 U.S.C. § 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR3 and MJR4.  *See* Dkt. 2.

Petitioner Clabon T. Berniard, who is incarcerated, filed his federal habeas petition ("petition") pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 7. In April 2015, a jury found petitioner guilty of first degree murder, two counts of first degree robbery, two counts of second degree assault, and one count of first degree burglary.  *See* Dkt. 14-1, at 1–2.  The trial court sentenced petitioner to serve 1,172 months in

1    prison.  *See id.* at 7.  Petitioner was convicted and sentenced for these crimes based on his

2    participation, along with three other participants, in a 2010 home invasion robbery, in which one

3    participant shot and killed James Sanders.  *See id.* at 35–36.

4        In his petition, petitioner argues that the trial court violated his right to confront his

5    accuser under the Sixth and Fourteenth Amendments when the court admitted an out-of-court

6    confession made by an absent co-defendant.  However, petitioner's argument was not properly

7    exhausted before the state courts because his argument on direct appeal, based on the same facts,

8    was framed as a state evidentiary violation—not a federal constitutional violation.  Petitioner

9    also argues that the trial court violated his right against illegal search and seizure under the

10   Fourth and Fourteenth Amendments when the court admitted petitioner's cellular telephone

11   records that were procured by a defective search warrant.  As with his first argument, petitioner

12   failed to properly exhaust this argument in the state courts because he argued that the admission

13   of the telephone records violated his right against illegal search and seizure under the state

14   constitution, not the federal constitution.  Petitioner's first two claims are also defaulted,

15   meaning that he no longer has an available state remedy on these two grounds, and petitioner

16   does not show that an exception from procedural default applies.  The Court should therefore

17   dismiss petitioner's first and second grounds for relief.

18       Petitioner's third argument is that the trial court's cumulative errors denied him a fair

19   trial.  However, petitioner cites only one error that the trial court made, and one single error is

20   inadequate to amount to a claim of cumulative error.  Therefore, the habeas petition should be

21   denied.

22

23

24

# BACKGROUND

## I.    Proceedings in Federal Court

Petitioner, proceeding *pro se*, brought this petition in January 2020.  *See* Dkts. 1, 7. Petitioner raises three grounds for relief:  first, that "the admission of testimony by Jenna Ford on the alleged confession made to her by an absent co-defendant [] violated [petitioner]'s right to confront his accuser guaranteed by the Sixth and Fourteenth Amendments."  Dkt. 7, at 16–17. Second, petitioner argues that "the Court violated [his] rights against illegal search and seizure guaranteed under the Fourth and Fourteenth Amendments."  *Id.* at 17.  Third, petitioner argues that "the erroneous admission of [his] cellular telephone records was not harmless, and cumulative error denied [him] a fair trial."  *Id.* at 18.

The Court directed service of the petition (*see* Dkt. 9), and respondent filed an answer and state court records.  *See* Dkts. 13, 14.  The matter is ripe for review.  *See* Dkts. 7, 13, 15, 24, 28.

## II.    State Court Record

At trial, Mr. Sanders' wife, who was present during the home invasion, made an in-court identification of petitioner and testified that petitioner hit her son with a firearm and kicked her in the head while demanding to know the location of the family's safe.  *See id.* at 45. Additionally, following the robbery, one of petitioner's co-defendants allegedly admitted to his former girlfriend, Jenna Ford ("Ford"), that he and three others had ransacked Mr. Sanders' home, that he had shot Mr. Sanders multiple times, and that one participant "pistol whipped the youngest kid."  *Id.* at 37, 39.  The co-defendant's statements to Ford were admitted at trial as statements of a co-conspirator.  *See id.* at 39.

1    Petitioner, through counsel, appealed his convictions to Division Two of the Washington

2    Court of Appeals ("Division Two").  *See id.* at 63–209.  Division Two affirmed the trial court's

3    judgment and sentence.  *See id.* at 35–61.

4    Petitioner then sought review by the Washington Supreme Court.  *See* Dkt. 14-1, at 212–

5    34.  On appeal, petitioner presented the following issues to the Washington Supreme Court:

6    1.    Did the Court of Appeals misapply the rules of evidence and established
     case law when it found that statements made by another participant to his girlfriend
7    after the event, when [petitioner] was not present and where the participant simply
     shared a narrative of events but did not request any assistance, were admissible as
8    statements from one co-conspirator to another?

9    2.    Was the Court of Appeals[] wrong when it decided that the erroneous
     admission of [petitioner]'s cellular telephone records was harmless, where the
10   cellular phone records placed [petitioner]'s phone at the scene at the time of the
     incident, and did the prejudicial impact of this and other errors cumulatively deny
11   [petitioner] a fair trial?

12   Dkt. 14-1, at 215–16.  On May 3, 2017, the Washington Supreme Court denied review.  *See id.*

13   at 236.  On May 10, 2017, Division Two issued the mandate.  *See id.* at 238.

14   Petitioner filed a *pro se* personal restraint petition ("PRP") in Division Two.  *See* Dkt. 14-

15   1, at 241–387.  Division Two dismissed the PRP.  *See id.* at 392–95.  Petitioner then sought

16   review by the Washington Supreme Court.  *See id.* at 397–416.  In his PRP, petitioner raised

17   three grounds for review that are unrelated to the issues presented in this petition.  *See id.*  On

18   October 30, 2018, the Deputy Commissioner of the Washington Supreme Court denied review of

19   the PRP, and Division Two's dismissal of the PRP became final on January 31, 2020.  *See id.* at

20   421–23, 425.  Petitioner timely filed a habeas petition in this Court under 28 U.S.C. § 2254.

21

22

23

24

1

**DISCUSSION**

2

I.    **Standard of Review**

3

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus

4

petition may be granted with respect to any claim adjudicated on the merits in state court only if

5

the state court's decision was contrary to, or involved an unreasonable application of, clearly

6

established federal law, as determined by the Supreme Court, or if the decision was based on an

7

unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).

8

A federal court may grant a habeas petition under two circumstances.   First, a federal

9

habeas court may grant the writ if the state court decision is "contrary to" clearly established

10

federal law because the state court arrived at a conclusion opposite to that reached by the

11

Supreme Court on a question of law, or if the state court decides a case differently than the

12

Supreme Court has on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529

13

U.S. 362, 405 (2000).

14

Second, a federal habeas court may grant the writ if the state court identifies the correct

15

governing legal principle from the Supreme Court's decisions but "unreasonably appl[ies]" that

16

principle to the facts of the prisoner's case.  *Id*. at 407.  The Supreme Court has made clear that a

17

state court's decision may be overturned only if the application is "objectively unreasonable."

18

*Lockyer v. Andrade*, 538 U.S. 63, 69 (2003).   AEDPA requires federal habeas courts to presume

19

the correctness of state courts' factual findings unless applicants rebut this presumption with

20

"clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  In addition, review of state court

21

decisions under 28 U.S.C. § 2254(d)(1) is "limited to the record that was before the state court

22

that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).

23

24

1

### II.        Exhaustion of State Remedies

2        A petitioner is required to present the same alleged constitutional violations in state court

3   that he is asserting in his petition in federal court.   "[A] state prisoner must normally exhaust

4   available state judicial remedies before a federal court will entertain his petition for habeas

5   corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Petitioner's claims will be considered

6   exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider

7   allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*,

8   474 U.S. 254, 257 (1986).  "[S]tate prisoners must give the state courts one full opportunity to

9   resolve any constitutional issues by invoking one complete round of the State's established

10  appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

11       A federal habeas petitioner must provide the state courts with a fair opportunity to correct

12  alleged violations of federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v.*

13  *Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state

14  supreme court even though the state court did not reach the argument on the merits).  It is not

15  enough if all the facts necessary to support the federal claim were before the state courts or if a

16  somewhat similar state law claim was made.  *Duncan*, 513 U.S. at 365–66 (citing *Picard*, 404

17  U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)).  Petitioner must include reference to a

18  specific federal constitutional guarantee, as well as a statement of the facts entitling petitioner to

19  relief.  *Gray v. Netherland*, 518 U.S. 152, 162–163 (1996); *Insyxiengmay v. Morgan*, 403 F.3d

20  657, 668 (9th Cir. 2005).  Petitioner bears the burden of proving he has exhausted available state

21  remedies and retains the burden to prove all facts relevant to the exhaustion requirement.  *See*

22  *Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

23

24

1          **A.      *Ground One:  Admission of Testimony by Jenna Ford***

2          Petitioner alleges that his Sixth and Fourteenth Amendment rights were violated by the

3    trial court's admission of Ford's testimony regarding his co-defendant's confession of

4    petitioner's alleged involvement in the crimes for which he was convicted.  *See* Dkts. 7, at 16–

5    17; 15, at 6–8.  Petitioner argues that the admission of this testimony violated his right to

6    confront his accuser under the U.S. Constitution.  *See* Dkt. 7, 16–17.

7          Petitioner did not raise this argument as an alleged violation of his right to confrontation

8    under the Sixth or Fourteenth Amendment on direct appeal or in his PRP.  *See* Dkt. 14-1, at 63–

9    140, 212–34, 241–86, 397–416.  Rather, in his direct appeal to Division Two and to the

10   Washington Supreme Court, petitioner raised the same factual basis, but he argued that the trial

11   court should not have admitted Ford's testimony based on state evidentiary rules.  *See id.* at 88–

12   99, 224–32.  And in his PRP, he did not raise these issues at all.

13         In order to fairly present a federal claim to state courts, it is not enough if all the facts

14   necessary to support the federal claim were before the state courts or if a somewhat similar state

15   law claim was made.  *Duncan*, 513 U.S. at 365–66.  Instead, a petitioner must alert the state

16   courts to the federal nature of the claim.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To

17   provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in

18   each appropriate state court (including a state supreme court with powers of discretionary

19   review), thereby alerting that court to the federal nature of the claim."); *Gray*, 518 U.S. at 162–

20   163 (petitioner must include reference to a specific federal constitutional guarantee).  Here,

21   petitioner did not include reference to a specific federal constitutional guarantee in his direct

22   appeal and did not raise these issues at all on collateral review, and thus did not give the state

23   court a full and fair opportunity to determine if a federal constitutional violation occurred when

24

1    Ford's testimony was admitted.  Therefore, his federal claims were not exhausted in state court,

2    and he cannot bring them now in his federal petition.

3         Petitioner argues that on direct appeal, Division Two gave a federal analysis on the merits

4    of his Sixth Amendment claim, and therefore, he exhausted his available state remedies.  *See*

5    Dkt. 28, at 2.  In support of his argument, petitioner cites to the Ninth Circuit's decision in *Green*

6    *v. Lambert*, stating that "exhaustion does not require repeated assertions if a federal claim is

7    actually considered at least once on the merits by the highest state court."  288 F.3d 1081, 1086

8    (9th Cir. 2002); *see* Dkt. 28, at 2.  However, as discussed above, petitioner did not argue that his

9    right to confrontation under the Sixth or Fourteenth Amendments was violated by the admission

10   of Ford's testimony, and Division Two did not analyze petitioner's right to confrontation.  *See*

11   Dkt. 14-1, at 46–49, 88–99, 224–32.  While Division Two referenced a similarly worded federal

12   rule of evidence and federal caselaw expounding on that rule, the court analyzed and decided

13   petitioner's claim based on the trial court's interpretation of the Washington rules of evidence.

14   *See id.* at 46–49 (noting Fed. R. Evid. 801 and related caselaw but not addressing any federal

15   constitutional claim).  Further, petitioner raised the same issue to the Washington Supreme Court

16   strictly based on the Washington rules of evidence without reference to any federal constitutional

17   violation.  *See id.* at 224–32.  And, again, the Washington Supreme Court did not address the

18   issue on the basis of a federal constitutional claim.  As is the case here, mere similarity between a

19   state law claim and a federal law claim is insufficient for exhaustion purposes.  *See Duncan*, 513

20   U.S. at 366.

21        Accordingly, plaintiff has not exhausted available state remedies on this ground.

22   *Baldwin*, 541 U.S. at 29; *Gray*, 518 U.S. at 162–163.

23

24

REPORT AND RECOMMENDATION - 8

1

**B.      Ground Two:  Illegal Search and Seizure**

2        Petitioner next alleges that his Fourth and Fourteenth Amendment rights against illegal

3  search and seizure were violated when the trial court erroneously admitted his cellular telephone

4  records, which were procured through a defective search warrant.  *See* Dkts. 7, at 17; 15, at 10–

5  14.  Petitioner argues that because the trial court acknowledged that the search warrant was

6  defective, yet failed to suppress the telephone records, he was "preclude[ed] any further Fourth

7  Amendment analysis, thus denying [petitioner] an opportunity for full and fair consideration."

8  Dkt. 15, at 10–11.

9        As with his first ground for relief, petitioner did not argue that this violated his right

10  against illegal search and seizure under the Fourth and Fourteenth Amendments, either on direct

11  appeal or in his PRP.  *See* Dkt. 14-1, at 63–140, 212–34, 241–86, 397–416.  On direct appeal to

12  Division Two, petitioner argued that the admission of the telephone records, procured through a

13  defective search warrant, violated his privacy rights under Article I, section 7 of the Washington

14  Constitution, which is the Washington State corollary to the Fourth Amendment.  *See id.* at 97,

15  199.  Further, although Division Two discussed the Fourth Amendment, the court's discussion of

16  the Fourth Amendment was only to explain that Article I, section 7 of the Washington

17  Constitution provides stronger privacy protections that would apply to petitioner's claim.  *See id.*

18  at 41–42.  Division Two ultimately analyzed and decided petitioner's claim under the state

19  constitution—not the federal constitution.  *See id.*  Because petitioner raised this ground as a

20  violation of the Washington Constitution, rather than as a Fourth or Fourteenth Amendment

21  violation, and because he did not raise these issues at all on collateral review, petitioner did not

22  give the state courts a full and fair opportunity to determine if a federal constitutional violation

23  occurred.  *Baldwin*, 541 U.S. at 29.

24

1    Petitioner argues that Division Two addressed the Fourth Amendment implications

2    concerning plaintiff's claim of illegal search and seizure. *See* Dkt. 28, at 2. While a claim not

3    alleged in a state petition may be exhausted if "sufficiently related" to an exhausted claim, "[t]his

4    exception does not apply when the language in a [state] petition indicates a petitioner's 'strategic

5    choice' not to present an issue for review." *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir.

6    2008) (quoting *Loundsbury v. Thompson*, 374 F.3d 785, 788 (9th Cir. 2004)). Here, petitioner's

7    Fourth Amendment ground may be related to his claim of violation of privacy rights under the

8    Washington State Constitution; however, it is clear that on direct appeal, petitioner chose not to

9    present his claim as a federal constitutional issue—rather, he chose to present this issue as a state

10   constitutional issue for the stronger protections afforded thereunder. *See* Dkt. 14-1, at 97, 199;

11   *Wooten*, 540 F.3d at 1025. Thus, petitioner has not exhausted his available state remedies as to

12   this ground. *See id.*; *Baldwin*, 541 U.S. at 29.

13              **C.    *Grounds One and Two Are Procedurally Barred***

14   Finding that a petitioner's grounds have not been presented for a complete round of

15   review in state court is not the end of this Court's inquiry—a petitioner has technically exhausted

16   his state remedies if his " 'claims are now procedurally barred under [state] law[.]' " *Gray v.*

17   *Netherland*, 518 U.S. 152, 161–62 (1996) (quoting *Castille v. Peoples*, 489 U.S. 246, 351

18   (1989)).

19   If a petitioner's claims are procedurally barred under state law, they are deemed

20   procedurally defaulted for purposes of federal habeas review. *Coleman v. Thompson*, 501 U.S.

21   722, 735 n.1 (1991). The doctrine of procedural default applies where it is clear that the state

22   court would find that the claim is procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223,

23   1230–31 (9th Cir. 2002). This Court will hear the merits of a procedurally defaulted claim only

24

if the petitioner can show cause for and prejudice from the default or that there has been a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. A petitioner can show cause by demonstrating that "some objective factor external to the defense impeded [petitioner]'s efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

　　As discussed above, petitioner never fairly presented his Fourth Amendment claim to the state courts because it was framed as a state constitutional right to privacy issue. Further, petitioner never fairly presented his Sixth Amendment claim to the state courts because it was framed as a state evidentiary claim. Moreover, if petitioner attempted to bring these claims now, RCW 10.73.090 would bar such claims since his judgment became final within the meaning of Washington state law more than a year ago, when Division Two issued its mandate on direct appeal. *See* RCW 10.73.090(3)(b); Dkt. 14-1, at 238 (mandate issued May 10, 2017).

　　This means that petitioner would only be entitled to federal habeas corpus relief if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray,* 477 U.S. at 488). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

　　Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional

violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477 U.S. at 495–96.  To demonstrate he suffered a fundamental miscarriage of justice, viewing all the evidence in light of new reliable evidence, the petitioner must show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, petitioner has not alleged any facts that establish cause or prejudice.  Nor does petitioner present any new evidence demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of any new evidence.  Petitioner simply did not raise the claims in his petition at all levels of the state court.  Accordingly, petitioner has made no showing of cause or prejudice or a fundamental miscarriage of justice.  Because petitioner cannot excuse his procedural default, grounds one and two in the petition are not cognizable in a habeas corpus proceeding and should therefore be dismissed with prejudice.

### III.    Cumulative Error and Denial of Fair Trial

As for the third ground for relief, petitioner argues that "[t]he erroneous admission of [his] cellular telephone records was not harmless" and was "cumulative error" that denied him a fair trial.  Dkt. 7, at 18.

As noted, on direct appeal, Division Two found that the trial court's admission of the cell records violated the state constitution but that the error was harmless.  *See* Dkt. 14-1, at 41. Division Two also rejected petitioner's argument that cumulative error denied petitioner a fair trial.  *Id.* at 52.

As the basis for ground three, petitioner cites to one erroneous evidentiary ruling—the admission of his telephone records—in support of his argument that there was cumulative error. *See* Dkt. 7, at 18.  "[T]he combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair."  *Parle v. Runnels*, 505 F.3d

922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 298, 302–303 (1973)).

However, when there are no federal constitutional errors or only one federal constitutional error,

"there is nothing to accumulate to the level of a constitutional violation." *Mancuso v. Olivarez*,

292 F.3d 939, 957 (9th Cir. 2002), *overruled on other grounds by Slack v. McDaniel*, 529 U.S.

473 (2000); *see also Pescador v. Scribner*, No. CV 06-4174-GW (MAN), 2012 WL 907230, at

*38 (C.D. Cal. Mar. 6, 2012) (citing *United States v. Allen,* 269 F.3d 842, 847 (7th Cir.2001) ("if

there are no errors or a single error, there can be no cumulative error"); *Hoxsie v. Kerby,* 108

F.3d 1239, 1245 (10th Cir.1997) ("[c]umulative-error analysis applies where there are two or

more actual errors"); *Derden v. McNeel,* 938 F.2d 605, 610 (5th Cir.1991) ("in a cumulative

error analysis no single error is ground enough to grant the writ")).

Petitioner's citation to one erroneous evidentiary ruling is inadequate to amount to a

claim of cumulative error.  *See Mancuso*, 292 F.3d at 957; *Pescador*, 2012 WL 907230, at *38.

Therefore, the state court's rejection of petitioner's cumulative error argument was not contrary

to, or an unreasonable application of, clearly established federal law.  *See Williams*, 529 U.S. at

405–406; *DeWeaver v. Runnels*, 556 F.3d 995, 997 (9th Cir. 2009).  Accordingly, petitioner's

third ground for relief fails.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion.

*Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  "[A] federal court must consider whether such

a hearing could enable an applicant to prove the petition's factual allegations, which, if true,

would entitle the applicant to federal habeas relief." *Id.* at 474.  In determining whether relief is

available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

state court. *Cullen*, 563 U.S. at 181–82.  A hearing is not required if the allegations would not

1    entitle petitioner to relief under §2254(d).  *Schriro*, 550 U.S. at 474.  "It follows that if the record

2    refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is

3    not required to hold an evidentiary hearing."  *Id.*  The Court finds it is not necessary to hold an

4    evidentiary hearing in this case because, as discussed in this report and recommendation,

5    petitioner's grounds may be resolved on the existing state court record.

6    <strong>CERTIFICATE OF APPEALABILITY</strong>

7            Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

8    court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

9    (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner

10    has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §

11    2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could

12    disagree with the district court's resolution of his constitutional claims or that jurists could

13    conclude the issues presented are adequate to deserve encouragement to proceed further."

14    *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack*, 529 U.S. at 484).  Pursuant to this

15    standard, this Court concludes that petitioner is not entitled to a certificate of appealability with

16    respect to this petition.

17    <strong>CONCLUSION</strong>

18            Petitioner's three grounds for relief should be dismissed with prejudice and the habeas

19    petition should be denied.  No evidentiary hearing should be held, and no certificate of

20    appealability should be issued.  The case should be closed.

21            Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

22    fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

23    6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

24

review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

*Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

**September 18, 2020**, as noted in the caption.

     Dated this 31st day of August, 2020.

J. Richard Creatura
United States Magistrate Judge