UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLABON T. BERNIARD,<br><br>      Petitioner,<br> v.<br><br>MIKE OBENLAND,<br><br>      Respondent. | CASE NO. C20-5071 BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 29, Petitioner Clabon Berniard's ("Berniard") objections to the R&R, Dkt. 30, and Berniard's motion to strike the State's response, Dkt. 32.

On August 31, 2020, Judge Creatura issued the R&R recommending that the Court deny Berniard's petition. Dkt. 29. On September 9, 2020, Berniard filed objections.

Dkt. 30. On September 24, 2020, the State responded. Dkt. 31. On September 29, 2020, Berniard moved to strike the State's response. Dkt. 32.[1]

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Berniard objects to the R&R on all three grounds for relief. First, Judge Creatura concludes that Berniard failed to exhaust his first claim for relief because Berniard presented it to the state court as an alleged evidentiary error instead of a constitutional error. Dkt. 29 at 7–8. Berniard objects arguing that the claim was presented as an unreasonable determination of the facts in light of the evidence presented and therefore qualifies as a claim under 28 U.S.C. § 2254(d)(2). Berniard, however, fails to acknowledge that the alleged unreasonable determination must be associated with the violation of a federal right. Although Berniard argued in state court that the alleged "unreasonable determination of facts" resulted in the improper admission of evidence against him, Berniard failed to cite authority for the proposition that such admission of this evidence violated a federal right as opposed to violating a state evidentiary rule. Therefore, the Court adopts the R&R on Berniard's first claim.

Second, Judge Creatura concluded that Berniard's second claim is also unexhausted. Dkt. 29 at 9–10. Berniard objects arguing that he cited one authority in his

---

[1] The Court denies the motion because the State's response was timely filed one day before the noting date for Berniard's objections.

brief to the Washington Court of Appeals that referenced the Fourth Amendment. Dkt. 30 at 3–4. One citation in one brief to the intermediate court of appeal does not qualify as exhaustion. Berniard failed to raise his alleged Fourth Amendment violation to the Washington Supreme Court and instead argued that the lower court's ruling on harmless error was incorrect. Berniard's failure means his Fourth Amendment claim is unexhausted. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."). Therefore, the Court adopts the R&R on Berniard's second claim for relief.

Finally, Judge Creatura concluded that Berniard's third claim for cumulative evidentiary errors fails because he has only identified one error. Dkt. 29 at 12–13. The State contends that, even reading the record in the light most favorable to Berniard, he has alleged only one evidentiary error because the state court determined that the basis for Berniard's first claim was not error. Dkt. 31 at 6. The Court agrees that Berniard's claim fails on the merits because at most he only cites one alleged error to support his cumulative error claim. *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) ("The cumulative effect of **multiple errors** can violate due process even where no single error rises to the level of a constitutional violation or would independently warrant reversal." (emphasis added)).

Therefore, the Court having considered the R&R, Berniard's objections, and the remaining record, does hereby find and order as follows:

(1)    The R&R is **ADOPTED**;

1      (2)     Berniard's petition is **DENIED**;

2      (3)     A Certificate of Appealability is **DENIED**; and

3      (4)     The Clerk shall enter a JUDGMENT and close the case.

4      Dated this 3rd day of November, 2020.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge